UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| THOMAS HOLDEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:15-CV-432 JD |
| | ) |
| WENDY KNIGHT, *et al.*, | ) |
| | ) |
| Defendants. | ) |

OPINION AND ORDER

Thomas Holden, a *pro se* prisoner, filed a complaint (DE 4) in LaPorte Circuit Court in LaPorte County, Indiana, which was recently removed here by the defendants. Pursuant to 28 U.S.C. § 1915A, the court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). Courts apply the same standard under Section 1915A as when deciding a motion under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 603. In determining whether the complaint states a claim, the court must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). To state claim under 42 U.S.C. § 1983, a plaintiff must allege: "(1) that

defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

According to the allegations of the complaint and documents submitted, Holden was charged with assaulting an officer while he was housed at the Correctional Industry Facility ("CIF"). On July 24, 2012, in CIC-12-07-0211, a hearing officer at CIF found Holden guilty of that charge and imposed 120 day loss of good time credits and ordered Holden to pay restitution in the amount of $1500 plus the cost of the staff member's pending medical bills. On August 10, 2012, Holden was transferred to the Indiana State Prison ("ISP"), where he is currently incarcerated. On December 31, 2013, Donald Parks, the Business Office Administrator at ISP, began garnishing restitution from Holden's prison trust account at 100% of his available funds to pay the ordered restitution.

While there are indigent hygiene kits available, Holden is unable to purchase hygiene items and over-the-counter medications at the commissary because the money in his prison trust fund account is all being used to pay off the $1,500 restitution. As a result, Holden alleges that he is unable to purchase "any over the counter medication from commissary to treat his chronic skin condition." Holden has brought suit against various prison officials at both the Correctional Industrial Facility and the Indiana State Prison. Holden separately filed a motion for preliminary injunction (DE 5) and motion for temporary restraining order (DE 6) asking the court to order the defendants to immediately cease garnishing 100% of his prisoner trust account.

To start, Holden claims that he was denied due process during his prison disciplinary hearing at CIF and also that the finding of guilt was based on insufficient evidence. He argues that he is not guilty of the assault charge and should therefore not have to pay any of the ordered restitution. However, this is not the proper proceeding to challenge the prison disciplinary hearing officer's

2

finding because "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement . . . ." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994).

In *Edwards v. Balisok*, 520 U.S. 641 (1997), the United States Supreme Court made clear that the principles of *Heck* also apply to prison disciplinary cases.

> In *Heck*, this Court held that a state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence, unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated.

*Edwards*, 520 U.S. at 643 (citation and quotation marks omitted). Here, Holden does not allege that the finding of guilt has been invalidated. Because a finding of liability in this case would inherently undermine the validity of his disciplinary hearing, he may not proceed with this claim until that finding is overturned on administrative appeal or in a habeas corpus proceeding.

Next, Holden claims that the practice of garnishing 100% of his prisoner trust account is unconstitutional. The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008). However, "the Constitution does not mandate comfortable prisons," and conditions that may seem "restrictive" or "even harsh" are "part of the penalty that criminal offenders pay for their offenses against society." *Rhodes v. Chapman*, 452 U.S. 337, 347-49 (1981). Without more, having his prison trust account frozen until a debt is paid does not rise to the level of the types of harsh conditions that can be considered denying Holden the "the minimal civilized measure of life's necessities." *See Meineke v. Finnan*, 2014 WL 3586546, *3 (S.D. Ind. July 21, 2014) (noting that freezing a prisoner trust account is not considered atypical or significant); *Parker v. Correction Corp. of America*, 2014 WL 2481874, *5 (W.D. Tenn. June 3, 2014); *Cotton v. Kingston*, 2003 WL 23221147 (W.D. Wisc. Oct. 20, 2003). Accordingly, this allegation fails to state a plausible claim.

3

Next, Holden claims that the defendants have violated his Eighth Amendment rights because he has not been able to purchase any over the counter medication to treat his undisclosed skin condition as a result of having his account garnished. Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citation omitted). Here, Holden does not allege that he has any diagnosed or obvious medical condition for which he has been refused medical treatment. Instead, he claims that he has not been able to purchase items at the commissary to deal with this undisclosed skin condition. This seems more akin to a claim for lack of hygiene items.

In evaluating a claim for lack of hygiene items, the Court must determine whether the alleged deprivation or condition of confinement is "sufficiently serious" so that "a prison official's act results in the denial of the minimal civilized measure of life's necessities." *Townsend,* 522 F.3d at 774. While Holden is alleging an Eighth Amendment violation for lack of hygiene items, it does not appear that he is suffering the type of severe deprivation that would support an Eighth Amendment

4

claim. For instance, it does not appear that he has been denied access to all hygiene items. He has simply been unable to purchase certain items he wishes to purchase at the commissary. The documents Holden attaches to his complaint show that he has been offered a "indigent hygiene kit," but Holden does not address the kit in his complaint, nor does he explain why the kit is inadequate to meet his needs. Similarly, he does not explain whether he has had a specific need for certain over-the-counter medications and, if so, the reason he needed these medications, and any injury that has resulted from him being unable to purchase these medications. Holden also has not explained how each of the defendants was personally involved in violating his Eighth Amendment rights. Without more, Holden has done no more than show that his inability to purchase items at the commissary makes life uncomfortable, which fails to state a claim under the Eighth Amendment.

Finally, Holden brings state law claims under various Indiana statutes alleging that the garnishment of his account exceeds Indiana statutory limits. Nevertheless, Indiana courts have made it very clear that "claims of prison discipline exceeding statutory limits cannot be subjected to judicial review." *Medley v. Lemmon*, 994 N.E.2d 1177, 1184 (Ind. Ct. App. 2013) (citing *Israel v. Indiana Dep't of Corrections*, 868 N.E.2d 1123, 1124 (Ind. 2007). Therefore, the court lacks jurisdiction to consider any such claim.

Though Holden's current complaint does not plausibly state a claim, it is not possible to definitively say that he could not do so. Accordingly, he will be granted leave to file an amended complaint if he believes that he can present the facts necessary to state a claim. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). In the amended complaint, he should explain in his own words what happened, when it happened, where it happened, and who was involved. He should also detail the injuries he suffered. He may attach any documentation he has in his possession or can

5

obtain related to his claims. Because the current complaint does not state a claim, the court will deny the motion for a preliminary injunction (DE 5) and motion for temporary restraining order (DE 6) as moot.

For the foregoing reasons, the court

(1) **DENIES as moot** the motion for preliminary injunction (DE 5);

(2) **DENIES as moot** the motion for temporary restraining order (DE 6);

(3) **DIRECTS** the clerk of court to place this cause number on a blank Prisoner Complaint 42 U.S.C. § 1983 form and send it to Thomas Holden;

(4) **GRANTS** Thomas Holden to and including October 26, 2015, to file an amended complaint; and

(5) **CAUTIONS** Thomas Holden that if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

ENTERED: September 28, 2015

        /s/ JON E. DEGUILIO
Judge
United States District Court