```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION
```

| | |
|---|---|
| THOMAS HOLDEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:15-CV-432 JD |
| | ) |
| WENDY KNIGHT, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Thomas Holden, a *pro se* prisoner, filed a complaint in LaPorte Circuit Court in LaPorte County, Indiana, which was removed here by the defendants. He complained that he was unable to purchase over-the-counter medications at the commissary because all the money deposited in his prison trust fund account was being used to pay off a $1,500 debt he owed to another correctional facility. The court found that he did not state a claim for which relief could be granted, but Holden was given leave to file an amended complaint in the spirit of *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). Holden has now filed an amended complaint, again complaining about the prison garnishing money from his prison trust fund account. (DE 23.)

Pursuant to 28 U.S.C. § 1915A, the court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). Courts apply the same standard under Section 1915A as when deciding a motion under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive a motion to dismiss under Rule 12(b)(6), a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 603. In determining whether the complaint states a claim, the court must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). To state claim under 42 U.S.C. § 1983, a plaintiff must allege: "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

According to the allegations of the amended complaint and documents submitted, Holden was charged with assaulting an officer while he was housed at the Correctional Industry Facility ("CIF"). On July 24, 2012, in CIC-12-07-0211, hearing officer Connie Williams found Holden guilty of that charge and imposed 120 day loss of good time credits and ordered Holden to pay restitution in the amount of $1500 plus the cost of the staff member's pending medical bills. On August 10, 2012, Holden was transferred to the Indiana State Prison ("ISP"), where he is currently incarcerated. On December 31, 2013, Donald Parks, the Business Office Administrator at ISP, began garnishing restitution from Holden's prison trust account at 100% of his available funds to pay the ordered restitution. Dr. Thompson had been treating Holden for a skin rash at ISP. However, because Claritin was available at the commissary, Dr. Thompson discontinued Holden's prescription. Holden is unable to purchase Claritin for his skin rash because the money in his prison trust fund account is all being used to pay off the $1,500 restitution.

Holden has brought suit against various prison officials at both CIF and ISP. Holden seeks to dismiss the imposed sanctions and restitution order in CIC-12-07-0211, have his prison trust

account reimbursed for the funds that have been garnished to pay the restitution order, and seeks the court to prohibit the prison from garnishing 100% of his prisoner trust account. And, finally, he seeks damages for being denied the ability to purchase Claritin for his skin rash. He names Wendy Knight, Connie Williams, Andrew Pritchard, Donald Parkes and Ron Neal as defendants.

As a threshold matter, a number of claims are untimely. First, Holden brings suit against Wendy Knight, Superintendent of CIF, for her failure to follow the prison policies in connection with his 2012 disciplinary hearing. Second, Holden sues Connie Williams, the hearing officer that was involved in his 2012 disciplinary case and ordered restitution. And, third, he sues Andrew Pritchard, the Chief Financial Officer at CIF, who began withdrawing 100% of his prisoner account in 2012 pursuant to the restitution order. Though the statute of limitations is an affirmative defense, "a plaintiff can plead himself out of court. If he alleges facts that show he isn't entitled to a judgment, he's out of luck." *Early v. Bankers Life and Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992) (citations omitted). Such is the case here. "Indiana's two-year statute of limitations . . . is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983." *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 894 (7th Cir. 2001). Because Holden filed his complaint against these defendants far more than two years after the claims arose, they are barred by the applicable two-year statute of limitations.

Turning to the merits, Holden claims that he was denied due process during his prison disciplinary hearing at CIF and argues that he is not guilty of the assault charge and should therefore not have to pay any of the ordered restitution. However, as he was told before, this is not the proper proceeding to challenge the prison disciplinary hearing officer's finding because "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement .

3

. . ." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). This principle equally applies to prison disciplinary cases. *Edwards v. Balisok*, 520 U.S. 641 (1997). Here, Holden does not allege that the finding of guilt has been invalidated. Because a finding of liability in this case would inherently undermine the validity of his disciplinary hearing, he may not proceed with this claim until that finding is overturned on administrative appeal or in a habeas corpus proceeding.

Next, Holden brings suit against Donald Parks, ISP's Business Office Administrator, for garnishing 100% of his prisoner trust account. The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008). However, "the Constitution does not mandate comfortable prisons," and conditions that may seem "restrictive" or "even harsh" are "part of the penalty that criminal offenders pay for their offenses against society." *Rhodes v. Chapman*, 452 U.S. 337, 347-49 (1981). Without more, having his prison trust account frozen until a debt is paid does not rise to the level of the types of harsh conditions that can be considered denying Holden the "the minimal civilized measure of life's necessities." *See Meineke v. Finnan*, 2014 WL 3586546, *3 (S.D. Ind. July 21, 2014) (noting that freezing a prisoner trust account is not considered atypical or significant); *Parker v. Correction Corp. of America*, 2014 WL 2481874, *5 (W.D. Tenn. June 3, 2014); *Cotton v. Kingston*, 2003 WL 23221147 (W.D. Wisc. Oct. 20, 2003). Accordingly, this allegation fails to state a plausible claim.

Next, the court turns to Holden's claim that his Eighth Amendment rights have been violated because he has not been able to purchase any over the counter medication to treat his skin rash. As a threshold matter, none of the named defendants have deprived him of any medical treatment. At most, they were involved in garnishing his account, which resulted in him not being allowed to

purchase any items from the commissary. However, this is only fairly characterized as a claim premised on taking his money which, as discussed above, Holden must resolve through the state courts.

Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citation omitted).

Holden was being treated by Dr. Thompson for his skin rash. Dr. Thompson is the individual that allegedly discontinued Holden's prescription because that medication was available in the commissary. However, Dr. Thompson is not named as a defendant in this case. Moreover, based on the current allegations, it is unclear whether Holden could state an Eighth Amendment claim against Dr. Thompson. To start, it does not appear as though Holden's skin rash, which is allegedly itchy and has "hot spots," can be considered an objectively serious medical condition. Typically, without more, skin rashes are not. *See Sledge v. Kooi*, 564 F.3d 105, 108 (2d Cir. 2009) (holding that eczema is not a "serious medical need" on which to base a claim of deliberate medical indifference); *see also*

5

*Tasby v. Cain*, 86 Fed. Appx. 745, 746 (5th Cir. 2004) (a prisoner's claim that he developed a rash from being placed in restraints does not establish serious harm); *see also Walker v. Dart*, No. 09 C 1752, 2010 WL 669448, *9 (N.D. Ill. Feb. 19, 2010) (holding that plaintiff failed to state a claim where his athlete's foot was caused by the shower area because he suffered no serious physical injury); *see also Gonzalez-Reyna v. Ellis*, No. 1:09CV522, 2009 WL 2421482, *3 (E.D. Va. July 27, 2009) ("[I]t is doubtful that a skin rash, even one which causes pain and itching, is a sufficiently serious medical need to support an Eighth Amendment violation."); *see also Samuels v. Jackson*, No. 97 Civ. 2420, 1999 WL 92617, *3 (S.D.N.Y. Feb. 22, 1999) (holding that a prisoner's "papules, vesicles, pustules, burrows, and intense itching resulting in eczema" was not a serious medical need triggering the Eighth Amendment). But, it does appear that Holden has received medical treatment for his rash. At this juncture, the allegations regarding his skin rash are too vague to determine if it constitutes a serious medical condition.

Equally unclear is whether Dr. Thompson was deliberately indifferent in treating Holden's skin rash. Though Holden complains that Dr. Thompson discontinued his Claritin prescription because it was available at the commissary, Holden does not allege Dr. Thompson knew of his inability to buy items such as Claritin at the commissary. Consequently, it would not be plausible to conclude that Dr. Thompson was deliberately indifferent to Holden's condition. Because he has not stated an Eighth Amendment claim against any named defendant, this claim will be dismissed. However, in an abundance of caution, Holden will be given one more opportunity to clarify or expound on his claims.

Finally, Holden brings various state law claims. He complains that the restitution order constitutes an unlawful taking of his money, which Holden recognizes is appropriately addressed

through a state tort claims action. In addition, Holden brings state law claims under various Indiana statutes alleging that the garnishment of his account exceeds Indiana statutory limits. The court cannot reach the merits of these claims. This case was removed here on the basis of federal question jurisdiction. (DE 1 at 2.) As this court has found the amended complaint does not state any federal claim, it would be inappropriate to exercise supplemental jurisdiction over the remaining state law claims. *See Al's Serv. Ctr. v. BP Prods. N. Am., Inc.*, 599 F.3d 720, 727 (7th Cir.2010) ("When all federal claims in a suit in federal court are dismissed before trial, the presumption is that the court will relinquish federal jurisdiction over any supplemental state-law claims."); and *Doe-2 v. McLean County Unit Dist. No. 5 Bd. of Dirs.*, 593 F.3d 507, 513 (7th Cir. 2010) ("Ordinarily, when a district court dismisses the federal claims conferring original jurisdiction prior to trial, it relinquishes supplemental jurisdiction over any state-law claims under 28 U.S.C. § 1367(c).") Therefore unless Holden files an amended complaint stating a plausible federal claim, each of these state law claims will be remanded to the LaPorte Circuit Court.

Though Holden's current complaint does not plausibly state any federal claim, it is not possible to definitively say that he could not do so. He may be able to state an Eighth Amendment claim against Dr. Thompson for deliberate indifference. Accordingly, he will be granted leave to file a second amended complaint if he believes that he can present the facts necessary to state such a claim. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). In the amended complaint, he should address the deficiencies noted in this opinion. Holden should detail his skin rash as well as his interaction with Dr. Thompson. Holden should also explain whether Dr. Thompson was aware of his inability to purchase medicine from the commissary. Holden should explain in his own words what happened, when it happened, where it happened, and who was involved. He should also detail

the injuries he suffered. He may attach any additional documentation he has in his possession or can obtain related to his claims. Should he choose to file a second amended complaint, he will be required to provide sufficient service documents for any new defendant.

For the these reasons, the court:

(1) **DIRECTS** the clerk of court to place this cause number on a blank Prisoner Complaint 42 U.S.C. § 1983 form and send it to the plaintiff along with 4 blank summons forms and 2 blank USM-285 forms;

(2) **GRANTS** Thomas Holden to and including March 28, 2016, to file a second amended complaint and return the summons and USM-285 forms properly completed for any newly named defendant; and

(3) **CAUTIONS** Thomas Holden that if he does not respond by the deadline, his federal claims will be dismissed and the remaining state law claims will be remanded to the LaPorte Circuit Court.

SO ORDERED.

ENTERED: February 22, 2016

/s/ JON E. DEGUILIO
Judge
United States District Court