UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| THOMAS HOLDEN, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Case No. 3:15-CV-432 JD |
|  | ) |  |
| WENDY KNIGHT, *et al.*, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## OPINION AND ORDER

Thomas Holden, a *pro se* prisoner, began this case by filing a complaint in LaPorte Circuit Court in LaPorte County, Indiana, on July 20, 2015, which was removed here by the defendants. Holden complained that all the money deposited in his prison trust fund account was being garnished to pay off a $1,500 debt he owed to another correctional facility. Because of the deficiencies in the complaint, the court found that he did not state a claim for which relief could be granted, but Holden was given leave to file an amended complaint in the spirit of *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

In that amended complaint (DE 23) he repeated many of the same arguments surrounding the prison garnishing money from his prison trust fund account. The court informed him that those claims were either time-barred or without merit. Holden also alleged that he was suffering from an undisclosed skin condition and was being treated by Dr. Thompson. Holden complained that Dr. Thompson discontinued his prescribed Claritin because that medication was available in the commissary, even though Dr. Thompson knew that Holden did not have money to purchase that medication. However, Dr. Thompson was not named as a defendant in the amended complaint. Moreover, it was unclear whether Holden's medical condition was objectively serious to trigger the

Eighth Amendment. For both of these reasons, it appeared that Holden might be able to state an Eighth Amendment claim against Dr. Thompson. Accordingly, he was invited to file a second amended complaint pursuant to *Luevano*. (DE 27.) Holden has now filed his second amended complaint, along with a supporting memorandum. (DE 30, 31.) Holden has again brought suit against various prison officials at both CIF and ISP. Holden renews his request to dismiss the imposed sanctions and restitution order in CIC-12-07-0211, have his prison trust account reimbursed for the funds that have been garnished to pay the restitution order, and prohibit the prison from garnishing 100% of his prisoner trust account. Holden has included a new Eighth Amendment claim, alleging Dr. Thompson was deliberately indifferent to his skin rash when the doctor discontinued the prescription of Claritin, knowing that Holden could not purchase that medication from the commissary.

Pursuant to 28 U.S.C. § 1915A, the court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). Courts apply the same standard under Section 1915A as when deciding a motion under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive a motion to dismiss under Rule 12(b)(6), a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 603. In determining whether the complaint states a claim, the court must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must

be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). To state claim under 42 U.S.C. § 1983, a plaintiff must allege: "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

According to the allegations of the second amended complaint and documents submitted, Holden was charged with assaulting an officer while he was housed at the Correctional Industry Facility ("CIF"). On July 24, 2012, in CIC-12-07-0211, hearing officer Connie Williams found Holden guilty of that charge and imposed 120 day loss of good time credits and ordered Holden to pay restitution in the amount of $1500 plus the cost of the staff member's pending medical bills. On August 10, 2012, Holden was transferred to the Indiana State Prison ("ISP"), where he is currently incarcerated. On December 31, 2013, Donald Parks, the Business Office Administrator at ISP, began garnishing restitution from Holden's prison trust account at 100% of his available funds to pay the ordered restitution.

It ISP, Dr. Thompson had been treating Holden for Urticaria, a skin rash. (DE 31 at 17.) Among other things, Dr. Thompson had prescribed Claritin to treat Holden's skin rash. However, when Claritin became available at the commissary, Dr. Thompson discontinued Holden's prescription. Dr. Thompson was aware that Holden would be unable to purchase Claritin from the commissary because the money in his prison trust fund account was all being garnished to pay off the $1,500 restitution.

To start, Holden again brings suit against Wendy Knight, Superintendent of CIF, for her alleged failure to follow the prison policies in connection with his 2012 disciplinary hearing; Connie Williams, the hearing officer that was involved in his 2012 disciplinary case and ordered restitution;

3

and Andrew Pritchard, the Chief Financial Officer at CIF, who began withdrawing 100% of his prisoner account in 2012 pursuant to the restitution order. In the court's prior order, it was explained that these claims were untimely. "Indiana's two-year statute of limitations . . . is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983." *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 894 (7th Cir. 2001). In his memorandum, Holden argues that because inmates are required to exhaust their administrative remedies before filing suit, the two-year limitation period should not start to run until he exhausted his administrative remedies on June 17, 2014. (DE 31 at 8.) However, that is not the case. The two-year period began to run in 2012, when the disciplinary hearing took place and the restitution was ordered. *See Sellars v. Perry*, 80 F.3d 243, 245 (7th Cir. 1996) ("A Section 1983 claim accrues when the plaintiff knows or has reason to know of the injury that is the basis of his action."). Holden had two years from that date to file suit. Because Holden filed his complaint against these defendants far more than two years after the claims arose, they are barred by the applicable two-year statute of limitations.

Despite the statute of limitations problem, these allegations also fail to state a plausible claim under the Eighth Amendment. The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008). However, "the Constitution does not mandate comfortable prisons," and conditions that may seem "restrictive" or "even harsh" are "part of the penalty that criminal offenders pay for their offenses against society." *Rhodes v. Chapman*, 452 U.S. 337, 347-49 (1981). To start, the mere fact that the prison policies were not followed does not demonstrate an Eighth Amendment violation. *See Estate of Davis v. Johnson*, 745 F.2d 1066, 1071 (7th Cir. 1994) (violation of jail regulation could support a negligence claim, but not a claim of indifference under

4

section 1983 where defendant had no knowledge that violation of policy would result in strong likelihood of violence to inmate); *See also State Bank of St. Charles v. Camic*, 712 F.2d 1140, 1146 (7th Cir. 1983) ("Even if defendants disregarded one or more of their established procedures . . . [their actions] do not constitute deliberate disregard for the possibility that [an inmate] would take his own life" where defendants lacked actual knowledge). Thus, Holden's claim that Wendy Knight failed to follow prison policy in connection with his disciplinary hearing does not plausibly allege an Eighth Amendment claim. In addition, having his prison trust account frozen until a debt is paid does not rise to the level of the types of harsh conditions that can be considered denying Holden the "the minimal civilized measure of life's necessities." *See Meineke v. Finnan*, 2014 WL 3586546, *3 (S.D. Ind. July 21, 2014) (noting that freezing a prisoner trust account is not considered atypical or significant); *Parker v. Correction Corp. of America*, 2014 WL 2481874, *5 (W.D. Tenn. June 3, 2014); *Cotton v. Kingston*, 2003 WL 23221147 (W.D. Wisc. Oct. 20, 2003). Consequently, Holden's complaint that Pritchard and Williams garnished 100% of his trust account does not plausibly state a claim under the Eighth Amendment.

Next, Holden renews his claim against Donald Parks, ISP's Business Office Administrator, for garnishing 100% of his prisoner trust account. Holden complains that taking 100% of his money constitutes an unlawful taking of his money. However, as he was previously told, such a claim is more appropriately addressed through a tort claims action. Though the Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law", a state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional deprivation of property meets the requirements of the due process clause by providing due process of law. *Hudson v. Palmer*, 468 U.S. 517, 533

5

(1984) ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy.") Indiana's tort claims act (INDIANA CODE § 34-13-3-1 *et seq.*) and other laws provide for state judicial review of property losses caused by government employees, and provide an adequate post-deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post-deprivation remedy in the Indiana Tort Claims Act, and no more process was due.") Therefore, Holden does not state a claim for the money garnished from his account.

Next, Holden again brings state law claims under various Indiana statutes alleging that the garnishment of his account exceeds Indiana statutory limits. Nevertheless, Indiana courts have made it very clear that "claims of prison discipline exceeding statutory limits cannot be subjected to judicial review." *Medley v. Lemmon*, 994 N.E.2d 1177, 1184 (Ind. Ct. App. 2013) (citing *Israel v. Indiana Dep't of Corrections*, 868 N.E.2d 1123, 1124 (Ind. 2007). As the court has previously explained, it lacks jurisdiction to consider any such claim.

Next, the court turns its attention to Holden's only new claim - that Dr. Thompson violated his Eighth Amendment rights. Specifically, Holden alleges Dr. Thompson was deliberately indifferent when he discontinued Holden's prescription for Claritin, knowing that Holden would not be able to purchase that medication from the commissary. Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one

that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citation omitted).

Here, while light on detail, Holden claims that his skin condition results in a burning and itching sensation, along with a "painful hot spot," that has lasted for many months. Giving him the inferences to which he is entitled at this stage, he has alleged enough to plead that he is suffering a serious medical condition. Further factual development may show that this condition is not an objectively serious medical condition, but Holden has alleged enough at this stage. Further, Holden claims Dr. Thompson was deliberately indifferent to his skin condition when he discontinued his Claritin prescription because it was available at the commissary, even though Dr. Thompson knew of Holden's inability to buy items such as Claritin at the commissary. Giving him the inferences to which he is entitled, Holden has alleged that Dr. Thompson was deliberately indifferent to Holden's skin condition. Thus, Holden has alleged an Eighth Amendment claim against Dr. Thompson.

As a final matter, Holden moves to proceed *in forma pauperis*. (DE 32). However, this case was removed to this court by the defendants. Therefore, the *in forma pauperis* petition is unnecessary.

For the these reasons, the court:

(1) **DENIES AS MOOT** the motion to proceed in forma pauperis (DE 32);

(2) **GRANTS** the plaintiff leave to proceed against Dr. Joseph Thompson in his individual capacity for monetary damages for denying him adequate medical care in violation of the Eighth Amendment;

(3) **DISMISSES** Wendy Knight, Connie Williams, Andrew Pritchard, Ron Neal, and Donald Parkes;

(4) **DISMISSES** any and all other claims contained in the second amended complaint;

(5) **DIRECTS** the U.S. Marshals Service to effect service of process on Dr. Joseph Thompson pursuant to 28 U.S.C. § 1915(d);

(6) **ORDERS** Dr. Joseph Thompson to respond, as provided for in the FEDERAL RULES OF CIVIL PROCEDURE and N.D. IND. L.R. 10-1, only to the claim for which the *pro se* plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED: August 2, 2016

                                                          /s/ JON E. DEGUILIO  
                                                         Judge  
                                                         United States District Court