UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| THOMAS HOLDEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:15-CV-432 JD |
| | ) |
| WENDY KNIGHT, *et al.*, | ) |
| | ) |
| Defendants. | ) |

OPINION AND ORDER

Thomas Holden, a *pro se* prisoner, is suing Dr. Joseph Thompson for the denial of adequate medical care in violation of the Eighth Amendment. Holden claims that Dr. Thompson discontinued his prescription for Claritin, knowing that he would not be able to purchase that medication from the commissary. Dr. Thompson moves for summary judgment on the ground that Holden failed to exhaust his administrative remedies before filing suit as required by 42 U.S.C. § 1997e(a). ECF 42. Because the undisputed facts show that Holden failed to exhaust the available administrative remedies at the Indiana State Prison ("ISP") before filing suit here, the motion for summary judgment must be granted.

DISCUSSION

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the

light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

A.	Facts

Holden's allegations against Dr. Thompson occurred while Holden was housed at ISP. ECF 21. It is undisputed that during that time, the Indiana Department of Corrections ("IDOC") Offender Grievance Process was available to Holden. ECF 43-1 at p. 2, ¶ 7; ECF 43-2. The grievance process had three steps: an attempt at informal resolution; and submission of a written grievance, and a grievance appeal. ECF 43-1 at p. 2, ¶ 9. All three steps must be completed for the process to be exhausted.

At ISP, a record is kept of all grievances, and those records show that Holden filed only two written grievances during the relevant time period. Id. at ¶ 12. On March 18, 2014, he filed Grievance 81405, which was a non-medical grievance involving his inmate trust account. Id. at ¶ 13. There, he complained that he was not able obtain personal hygiene items or over the counter medications. ECF 46-2 at 14. On July 18, 2015, he filed Grievance 88363, which concerned his request for dental work. Id. at ¶ 16. The records reveal that Holden did not file any grievances related to the claims alleged here involving his medical treatment by Dr. Thompson before he filed this lawsuit. Id. at ¶ 17. This failure to exhaust his administrative remedies, according to Dr. Thompson, is what mandates summary judgment.

In response, Holden argues that he is not required to exhaust his administrative remedies before filing suit. ECF 46 at p. 6. Nevertheless, Holden states that his March 18, 2014, grievance and subsequent appeal exhausted his administrative remedies. ECF 46 at pp 2-3, ¶¶ 7-9.

B. <u>Holden was required to exhaust his administrative remedies before filing suit.</u>

First, Holden argues that he is not required to exhaust his administrative remedies prior to filing suit. In support of this argument, he relies on *Patsy v. Florida Int'l Univ.*, 634 F.2d 900 (5th Cir. 1981), *rev'd sub nom. Patsy v. Bd. of Regents of State of Fla.*, 457 U.S. 496 (1983), for the proposition that exhaustion of administrative remedies is not a prerequisite to filing a Section 1983 case. However, the Fifth Circuit's reasoning in *Patsy* is no longer applicable. In 1995, the Prison Litigation Reform Act ("PLRA") was enacted. Under the PLRA, prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). It is clear that the IDOC had administrative remedies available and that Holden was required to exhaust those regarding his complaints about Dr. Thompson. ECF 43-2 at p. 4. Thus, contrary to his belief, Holden was required to exhaust his administrative remedies prior to filing suit here.

C. <u>Holden did not exhaust his administrative remedies before filing suit.</u>

Dr. Thompson argues that he is entitled to summary judgment because Holden never filed a grievance about the things he is suing about in this lawsuit. In response, Holden asserts that he exhausted his administrative remedies when he filed and appealed Grievance 81405. ECF 46 at pp. 2-3, ¶¶ 6-10; ECF 46-2 at p. 8. So the issue is whether Grievance 81405 adequately

3

exhausted Holden's administrative remedies as to his claim that Dr. Thompson discontinued his prescription for Claritin, knowing that he would not be able to purchase that medication from the commissary. It is clear that it did not. Grievance 81405 states:

> The entire month of February 2014, I was denied an indigent hygiene kit because according to Mr. Talbot, Mr. Miller, Ms. Roberts and Lieutenant Gordon I didn't meet the criteria for indigency. I have C.A.B. restitution for Assault on Staff and every credited monies toward my prison account is promptly debited to CAB to satisfy the restitution owed. I was subjected to the cruel and unusual punishment of being denied the essential items necessary to maintain my personal hygiene and grooming as outlined in Policy 02-01-104 "Offender Grooming, Clothing and Personal Hygiene.["] Further, policy 04-01-104 "Inmate Trust Fund," states pg. 6 Section VI.C. "Whenever Funds are taken from an offender's account to pay court filing fees, restitution, etc. the facility shall attempt to allow the offender to retain at least 5.00 in the Inmate Trust Fund account in order to purchase personal hygiene items and over-the-counter medications." This I haven't been permitted to do for the past 20 months.

ECF 46-2 at 8.

Holden very clearly states that Grievance 81405 is a complaint about prison officials garnishing his inmate trust account to pay for restitution. Dr. Thompson is not named or referenced in this grievance. Nor does this grievance concern Holden's medical care. Moreover, the timing of this grievance indicates that it does not relate to Holden's claims in this lawsuit against Dr. Thompson. Tellingly, Holden did not inform Dr. Thompson of his supposed need for Claritin until April 10, 2014. ECF 30 at p. 8.; ECF 31 at p. 67. And, he did not inform Dr. Thompson of his inability to purchase Claritin from commissary until April 28, 2014. ECF 31 at pp. 17, 76. Thus, the record reveals that Holden's allegations against Dr. Thompson took place approximately one month after Holden filed Grievance 81405. Consequently, Holden's submitted grievance belies his contention that he filed a grievance related to his claims here. See *Peterson v. Rogan*, No. 2:11-CV-0007, 2012 WL 4020996, * 3 (S.D. Ind. Sept. 12, 2012) (noting

that a plaintiff's characterization of his grievances can be overcome by the grievance documents themselves).

The U.S. Court of Appeals for the Seventh Circuit has taken a "strict compliance approach to exhaustion." *Id.* Thus, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Id.* at 1024. Because Holden did not include the issues raised in this lawsuit in his grievance, he did not complete the grievance process as to those issues. Therefore, he did not exhaust the administrative remedies with regards to Dr. Thompson discontinuing his Claritin prescription.

For these reasons, the court concludes that the administrative remedies at ISP were available to Holden and further conclude that Holden did not take advantage of those with regard to his claims that Dr. Thompson wrongly discontinued his Claritin prescription. Because "exhaustion must precede litigation," *Ford*, 362 F.3d at 398, the defendant's summary judgment motion must be granted. Because "all dismissals under § 1997e(a) should be without prejudice," this case will be dismissed without prejudice. *Id.* at 401.

CONCLUSION

For these reasons, the motion for summary judgment (ECF 42) is **GRANTED**. This case is **DISMISSED WITHOUT PREJUDICE** pursuant to 42 U.S.C. § 1997e(a).

SO ORDERED.

ENTERED: May 3, 2017                  /s/ JON E. DEGUILIO
                                                            Judge
                                                            United States District Court